| | | |
|---|---|---|
| WORLD BUSINESS LENDERS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-1655 |
| G7, MEDICARE AND MEDICATE a/k/a, CENTERS FOR MEDICARE, AND MEDICAID | * * | |
| Defendant. | * | |
| WORLD BUSINESS LENDERS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-1657 |
| G9, MEDICARE AND MEDICATE a/k/a, CENTERS FOR MEDICARE, AND MEDICAID | * * | |
| Defendant. | * | |

## **MEMORANDUM ORDER**

Plaintiff, World Business Lenders, LLC ("Plaintiff") filed a Petition for Enforcement of a Foreign Judgment (ECF No. 1-3 in both captioned cases)[1] pursuant to the Maryland Uniform Enforcement of Foreign Judgment Act, MD Code, Courts and Judicial Proceedings, §§ 11-801 *et seq.*, on March 8, 2019 in the Circuit Court for Baltimore County, Maryland. Defendant, United States of America, on behalf of the Centers for Medicare and Medicaid

---

[1] The ECF Nos. in the cases are identical unless otherwise indicated herein.

Services, removed the respective case to this Court on June 5, 2019 and filed the pending motions to consolidate cases. (*See* ECF No. 4.) This Court has considered the materials and finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, this Court shall GRANT the motions to consolidate.

Fed. R. Civ. P. 42 (a) provides, in pertinent part:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The United States Supreme Court has stated that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *accord Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001). The district court is vested with "broad discretion to decide whether consolidation under Rule 42(a) would be desirable." 9A C. Wright & A. Miller, *Fed. Prac. & Proc. Civ.* § 2383 (3d ed.) at 26; *see also, e.g., R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999) (noting the discretion of the district court under Rule 42(a)).

The Plaintiff's petitions in each of the pending cases are substantively the same—both seek to enforce judgments that the Plaintiff obtained against the Centers for Medicare and Medicaid ("CMS") in the Circuit Court of Mobile County, Alabama. (Mot. 2, ECF No. 4.) Both cases involve common issues of law and fact, and Defendants intend to argue the same

defenses in both cases. (*See* Mot. 3, ECF No. 4.) Further, the procedural posture does not differ significantly, discovery has not yet occurred in either case, and no prejudice will result to the parties as a result of consolidation of the cases.

Accordingly, in the interest of judicial economy and pursuant to Fed. R. Civ. P. 42, it is this 19th day of June 2019, ORDERED that:

1. Defendant's Motion to Consolidate Cases (ECF No. 4 in RDB-19-1655) is GRANTED;

2. Defendant's Motion to Consolidate Cases (ECF No. 4 in RDB-19-1657) is GRANTED;

3. The following actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes:

    a. *World Business Lenders, LLC v. G7, Medicare and Medicate, a/k/a Centers for Medicare and Medicaid*, RDB-19-1655

    b. *World Business Lenders, LLC v. G9, Medicare and Medicate, a/k/a Centers for Medicare and Medicaid*, RDB-19-1657;

    c. Case No. RDB-19-1655 is designated as the lead case. All future filings for the two above-captioned actions shall be made in the lead case.

4. The Clerk of this Court transmit copies of this Memorandum Order to the parties and all counsel of record currently listed in the cases RDB-19-1655 and RDB-19-1657.

_____
Richard D. Bennett
United States District Judge