# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WORLD BUSINESS LENDERS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-1655 |
| G7, MEDICARE AND MEDICATE a/k/a, CENTERS FOR MEDICARE, AND MEDICAID | * | |
| | * | |
| Defendant. | * | |
| WORLD BUSINESS LENDERS, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-1657 |
| G9, MEDICARE AND MEDICATE a/k/a, CENTERS FOR MEDICARE, AND MEDICAID | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

In this consolidated action, Plaintiff World Business Lenders, LLC ("Plaintiff") seeks to enforce judgments issued in the Circuit Court of Mobile County, Alabama against Defendants G7 Medicare and Medicate and G9 Medicare and Medicate, a/k/a, the Centers for Medicare and Medicaid Services ("Defendants" or "CMS"). Now pending is a Motion for Relief from Final Judgments pursuant to Fed. R. Civ. P. 60(b), filed by the United States of America on behalf of CMS. (ECF No. 9.) The motion is unopposed. This Court has reviewed

the Motion, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the Motion for Relief from Judgments (ECF No. 9) is GRANTED.

**BACKGROUND**

On March 21, 2016, the Circuit Court of Mobile County, Alabama issued judgments in favor of World Business Lenders, LLC, in its lawsuit against Crest Haven Community Care, LLC, and Francine Annie Rosetta W. Reese. (March 2016 Judgments, ECF No. 9-2). Plaintiff alleges these entities operate an "adult day care operation," funded in part by the Centers for Medicare and Medicaid Services ("CMS"). (Default Judgment Motion ¶ 4, ECF No. 9-5.) Accordingly, on June 19, 2017, Plaintiff served writs of garnishment on CMS. (*Id.* ¶ 2). These writs were each addressed to "[G7 and G9] Medicare and Medicate [*sic*], 7500 Security Blvd., Baltimore, MD 21244." (June 2017 Writs of Garnishment, ECF No. 9-3.)[1] On July 5, 2017, CMS received service at this Baltimore address. (*Id.* Ex. 1). CMS did not respond to either writ, and two Conditional Judgments (the "Default Judgments") were entered against it. (Default Judgments, ECF No. 9-6.)

On March 8, 2019, Plaintiff filed two Petitions for Enforcement of a Foreign Judgment in the Circuit Court for Baltimore County, seeking to enforce the Alabama judgments against CMS. (Petitions, ECF No. 9-7). These petitions were served to the same Baltimore address as the writs of garnishment, and were initiated as two cases in the Circuit Court. (*Id.*). On June 5, 2019, the United States of America, acting on behalf of CMS, removed both cases to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1). (ECF No. 1, 1:19-cv-01655-RDB; ECF

---

[1] At the time of issuance in 2016, each judgment totaled $35,560.00, plus court costs and post-judgment interest. (March 2016 Judgments, ECF No. 9-2). Due to accumulated interest and court costs, the writs of garnishment filed in 2017 requested $91,641.80 and $91,685.24 from Medicare accounts. (June 2017 Writs of Garnishment, ECF No. 9-3.)

No. 1, 1:19-cv-01657-RDB). The cases were subsequently consolidated on June 19, 2019. (ECF Nos. 4, 7). The United States filed its Motion for Relief from Final Judgments on July 17, 2019, asserting that the Alabama judgments are void for lack of subject matter jurisdiction. (ECF No. 9). Plaintiff has not filed a response.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure Rule 60(b) empowers this Court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "To support a motion for relief from an Order under Rule 60(b), the moving party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Ericksen v. Kaplan Higher Educ., LLC*, No. RDB-14-3106, 2016 WL 7377154, at *1 (D. Md. Dec. 20, 2016) (quoting *Hale v. Belton Ass'n, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009)). If these three threshold requirements are satisfied, the moving party must then demonstrate one of the six grounds for relief authorized by the Rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

*Id. See* Fed. R. Civ. P. 60(b).

The moving party "must clearly establish the grounds [for its motion] to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. Apr. 28, 2010) (quoting

3

*Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). These motions "impose a more onerous burden on the moving party because these motions request relief from judgments, implicating interests in 'finality and repose.'" *Ma v. CaerVision Corp.*, No. RDB-15-1059, 2016 WL 3087449, at *2 (D. Md. Jun. 2, 2016). The decision to grant or deny a Rule 60(b) motion is a matter of the District Court's discretion. *Id.*

## ANALYSIS

The United States seeks relief from the Alabama Default Judgments pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the judgments are void for lack of subject matter jurisdiction because the federal government has not waived its sovereign immunity to garnishment actions against CMS.

As a preliminary matter, the United States easily satisfies the threshold requirements for relief under Rule 60. Claims filed under Rule 60(b)(4) are exempt from the showing of a meritorious defense, and "may be brought to set aside a void judgment at any time." *Garcia Fin. Grp., Inc. v. Va. Accelerators Corp.*, 3 F. App'x. 86, 88 (4th Cir. 2001); *see also Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994) (providing authority from the First, Fifth, Seventh, Tenth, and D.C. Circuits to this effect). These exemptions stem directly from the jurisdictional nature of Rule 60(b)(4). *See Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (noting even Rule 60's "reasonable time" requirement "cannot be enforced with regard to this class of motion"). Moreover, as the United States seeks to relieve a default judgment, Plaintiff would suffer "no disadvantage . . . beyond that suffered by any party which loses a quick victory." *Choice Hotels Int'l, Inc. v. Bonham*, No. 96-2717, 1997 WL 600061, at *1 n.2 (4th Cir. Sep. 30, 1997) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812

(4th Cir. 1988)).  Accordingly, none of these threshold requirements pose a significant bar to consideration of the merits.

Relief is warranted under Rule 60(b)(4) because sovereign immunity barred the state court from ordering a judgment against federal funds.  A judgment is void under Rule 60(b)(4) if "the court rendering the decision lacked personal or subject matter jurisdiction" over the action. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005).  "It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." *Khatami v. Compton*, 844 F. Supp. 2d 654, 663 (D. Md. 2012) (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)); *see United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Sovereign immunity is "jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and extends to federal agencies unless waived by Congress.  *See Dolan v. USPS*, 546 U.S. 481, 483–84 (2006); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Dugan v. Rank*, 372 U.S. 609, 620 (1963) (holding that "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'" (internal citation omitted)).  Any statutory waiver must be "unequivocally expressed in the statutory text" and "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

These general principles apply with equal force to writs of garnishment.  *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 264 (1999); *FHA v. Burr*, 309 U.S. 242, 244–45 (1940). The Supreme Court has repeatedly affirmed that funds held by federal agencies are immune to garnishment actions filed in state court absent an express statutory waiver. *Franchise Tax Bd. v. USPS*, 467 U.S. 512, 517 (1984) (citing *Burr*, 309 U.S. at 245).  This requirement emerged

5

in *Buchanan v. Alexander*, 45 U.S. (4 How.) 20–21 (1846), in which the Court reasoned:

> The funds of the government are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process or otherwise, the functions of the government may be suspended. So long as money remains in the hands of a disbursing officer, it is as much the money of the United States as if it had not been drawn from the treasury. Until paid over by the agency of the government to the person entitled to it, the fund cannot, in any legal sense, be considered a part of his effects.

*Id.* "In other words, funds held in the U.S. Treasury—even though set aside or 'earmarked' for a specific purpose—remain the property of the United States until the government elects to pay them to whom they are owed." *Flatow v. Islamic Republic of Iran*, 74 F. Supp. 2d 18, 21 (D.D.C. 1999) (citing *Buchanan*, 45 U.S. at 21). *Buchanan*, "despite its age, remains the law today." *United States Dep't of Housing and Urban Dev. v. K. Capolino Const. Corp.*, No. 01 Civ. 390(JGK), 2001 WL 487436, at *4 (S.D.N.Y. 2001); *accord Blue Fox*, 525 U.S. at 264. Following the rule articulated in *Buchanan*, this Court has held that sovereign immunity deprives state courts of jurisdiction over garnishment action against federal funds, including Medicare and Medicaid funds. *See Law Office of Mark Kotlarsky Pension Plan v. Hillman*, TDC-14-3028, 2015 WL 5021399, at *6-7 (D. Md. Aug. 21, 2015) (holding that state court judgment entered against garnishee for Medicare funds was void because sovereign immunity deprived state court of subject matter jurisdiction over garnishment action).

As this Court explained in *Kotlarsky*, Medicare funds "cannot be paid directly by the government to someone other than the Medicare provider to whom the funds are owed." *Kotlarsky*, 2015 WL 5021399, at *6 (citing 42 U.S.C. § 1395u(b)(6)); *see also* 42 C.F.R. § 424.73(a) ("Medicare does not pay amounts that are due a provider to any other person under assignment, or power of attorney, or any other direct payment arrangement."). The statutory

6

scheme provides exactly three exceptions to this general rule: "(1) payment to a government agency or entity; (2) payment under assignment established by court order; or (3) payment to an agent who furnishes billing and collection services on behalf of the provider" upon certain conditions. *Kotlarsky*, 2015 WL 5021399, at *6; 42 C.F.R. § 424.73(b). The first and third exceptions plainly do not apply, as Plaintiff is neither a government agency or entity, nor an agent furnishing billing or collection services to a Medicare provider.

Under the second exception, "Medicare may pay under an assignment established by, or in accordance with, the order of a court of competent jurisdiction," defined as "a court that has jurisdiction over the subject matter and the parties before it." 42 C.F.R. §§ 424.71, 424.73(b)(2). In defining an "assignment," these regulations contemplate "an actual agreement by the designated recipient to assign Medicare payments to a third party, accompanied by contemporaneous court order endorsing the assignment," and do not encompass garnishment actions. *Kotlarsky*, 2015 WL 5021399, at *6 (citing *DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 350 (7th Cir. 2004)); *see* 42 C.F.R. § 424.90(a). Accordingly, this exception is inapplicable under the principles of sovereign immunity established above, which deprive the Circuit Court of Mobile County, Alabama, of subject-matter jurisdiction. *See Meyer*, 510 U.S. at 475 ("[T]he 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (internal citation omitted)); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic . . . that the existence of consent is a prerequisite for jurisdiction.").

As the Circuit Court of Mobile County lacked subject-matter jurisdiction to issue a default judgment garnishing CMS funds, the Default Judgments entered against CMS are void

7

*ab initio*.[2]  Accordingly, relief is warranted under Federal Rule of Civil Procedure 60(b)(4).

## CONCLUSION

For the foregoing reasons, the Motion for Relief from Final Judgments (ECF No. 9) is GRANTED.

Dated: February 28, 2020

/s/
Richard D. Bennett
United States District Judge

---

[2] The *Rooker–Feldman* doctrine does not prohibit this Court from voiding the judgments of garnishment issued in state court because the judgments were void *ab initio*. The *Rooker-Feldman* doctrine holds that the lower federal courts may not exercise "appellate jurisdiction over state-court judgments." *Hulsey v. Cisa*, 947 F.3d 246, 249 (4th Cir. 2020); *see generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *District of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Nevertheless, the doctrine does not apply "where it is pellucidly clear that there is a total lack or want of subject matter jurisdiction for a state court judgment; such judgments are void *ab initio* and do not warrant the benefit of the *Rooker-Feldman* doctrine." *Ak. Chronicles v. Easley*, 321 F. Supp. 2d 776, 789 (E.D. Va. 2004); *see Singleton v. Fifth Third Bank of W. Ohio (In re Singleton)*, 230 B.R. 533, 538 (6th Cir. 1999); *Scharf v. Trabucco*, No. 3:14-cv-8183-HRH, 2015 WL 13744831, at *5 (D. Az. Mar. 31, 2015) ("[A] judgment entered in a void proceeding is also void, and any such judgment from the state court lacking jurisdiction may be collaterally attacked in federal court." (alteration in original)). Although this exception to the general rule is not universally recognized, *see Keeler v. Academy of Am. Franciscan History, Inc. (In re Keeler)*, 273 B.R. 416, 421 (D. Md. 2002) (explaining that there is a "split among the circuits" as to this issue and that the United States Court of Appeals for the Fourth Circuit has not yet issued a decision on this matter), this Court finds the reasoning of *Easley* and related authorities persuasive. As the state court in this case lacked jurisdiction to issue the challenged judgments, the *Rooker-Feldman* doctrine does not prohibit the United States from seeking relief in this Court.